## CIRCUIT COURT OF SMYTH COUNTY

Bobby Gene Combs

v.

Helen B. Stambaugh,
Administratrix of the
Estate of Marcus Stambaugh,
deceased

### April 29, 1992

### Case No. (Law) 90–3244

BY JUDGE CHARLES H. SMITH, JR.

This personal injury case was tried to a jury in this court on November 26, 1991. At the conclusion of the evidence and instructions of the court, the jury awarded the plaintiff damages in the amount of $75,000.00. The defendant made a timely motion to set aside the verdict on several grounds that will more fully appear in the written motion filed herein on December 6, 1991.

The plaintiff, who was 21 years of age at the time, was injured in an automobile accident which occurred here in Smyth County on October 24, 1987. The right front of the plaintiff's vehicle struck the left front of the defendant's deceased's vehicle when the latter pulled from a side street into the path of plaintiff's vehicle. The plaintiff was taken to the hospital and treated and released by the attending emergency room doctor, Dr. James Dellinger. His complaint was of injury to his back and neck. Some tenderness was noted, but x-rays were normal. He diagnosed severe muscle strain.

The plaintiff next saw a Dr. Hale, a family practitioner, on October 28, 1987, complaining of pain in his neck, headaches, and pain in the upper and mid-back. Dr. Hale diagnosed muscle strain in the neck and back and prescribed a muscle relaxant and pain medication

along with physical therapy. The plaintiff continued to see Dr. Hale over the next couple of months and continued with the physical therapy until Dr. Hale discontinued that on November 20, 1987. Dr. Hale opined at that time that the plaintiff had improved to the extent that he no longer needed the treatment. Dr. Hale did not see the plaintiff for about a year, between February 8, 1988, until January 9, 1989, and on that latter occasion, diagnosed a muscle strain with muscle spasms. He ordered a CT scan which was within normal limits. At that time, Dr. Hale felt that the plaintiff had fully recovered.

The plaintiff received no further treatment from any health care provider until February 23, 1990, when he saw Dr. Charlene Truhlik, a chiropractor to whom he was referred by his attorney. Dr. Truhlik diagnosed the plaintiff's problem as a chronic cervical strain and chronic lumbar strain complicated by myofascitis, a whiplash injury. She treated the plaintiff over a sustained period of time with heat, ultrasound and some manipulation and adjustments. When asked whether the plaintiff's injuries were permanent and whether he would need treatment in the future, Dr. Truhlik equivocated by stating that "Mr. Combs has had problems on and off since the accident. In all probability, he will continue to do so." And "future treatment would help (Combs') back." In fact, in the year prior to trial, the plaintiff had not required any treatment from Dr. Truhlik.

The plaintiff lost some six weeks of work which he attributed to the accident. He sustained medical bills in the amount of $3,689.66 of which amount $1,426.00 were for chiropractic services.

In considering the motion to set aside a verdict and order remittitur or a new trial on the issue of damages, the court is guided by certain well-founded and basic principles of law:

(1) Each case is different and must be decided upon its own particular facts and circumstances. What is fair in one case might be entirely inadequate or grossly excessive in another.

(2) The verdict of the jury, arrived at upon competent evidence and controlled by proper instructions, has always been held to be inviolate against disturbance by the court. If the verdict merely appears to be large and more than the trial judge would have awarded had he been a member of the jury, it ought not to be disturbed, for it to do so, the judge must then do what he may not legally do, that is, substitute his judgment for that of the jury.

(3) The courts of this Commonwealth have not abdicated their duty to correct excessive verdicts. The trial judge has both the power

and the duty to correct a verdict which he finds so excessive as to shock the conscience of the court or to compel the conclusion that the verdict was the product of passion or prejudice or some misunderstanding of the facts or the law. If the award is so out of proportion to the injuries suffered to suggest that it is not the product of a fair and impartial decision, then it becomes the plain duty of the judge, acting within his legal authority, to correct the injustice.

Section 8.01–383 of the Code provides in part as follows:

> In any civil case or proceeding, the court before which a trial by jury is had, may grant a new trial, unless it be otherwise specifically provided. A new trial may be granted as well where the damages awarded are too small as where they are excessive . . . .

In a case such as this, where the quantum of damages is the sole issue, it is clear that this code section and the subsequent one, § 8.01–383.1, authorize the court to require the plaintiff to remit a portion of the award or to submit to a new trial solely on the issue of damages. I will omit the citations, but suffice is to say that the annotations listed under those two code sections are replete with the three basic principles of law mentioned above. I am guided by these code sections and annotations, as well as counsels' respective memoranda and legal arguments in reviewing the record in this case. Having reviewed the record in this light, the court is of the opinion that the verdict in this case was clearly excessive and out of proportion to the injuries sustained or damages suffered such as to shock this court's conscious and sense of justice and fairness. While I do not find anything in the record to indicate any misconduct on the part of the jury, nor any indication of passion, prejudice or partiality, the verdict is so excessive as to indicate the jury misconstrued the facts or the law. It was not the product of a fair and impartial decision and casts upon it the stamp of unfairness. Consequently, the court will order plaintiff to suffer a remittitur of $35,000.00 or submit to a new trial limited to the issue of damages.

Obviously, should a new trial be had, the jury will have to be instructed. Consequently, the court must rule upon that portion of the defendant's motion which deals with that part of Instruction No. 10 to allow the jury to award damages for loss of earnings in the future. I am of the opinion that there was no positive evidence upon which

to base that portion of the instruction and that the court did err in granting it. Two medical doctors testified that the plaintiff suffered no more than a muscular strain of his neck and back. One doctor testified that he had fully recovered. Only the chiropractor, who first saw the plaintiff some two years after the accident, gave any indication of permanency of the injuries, and her testimony was not positive but equivocating. The plaintiff had not seen her nor anyone else for any treatments for some one year prior to the trial date. Since the accident, the plaintiff had been working regularly for comparable or higher pay. Thus, upon retrial, that portion of that instruction would not be granted. The Supreme Court has disapproved such an instruction in cases where the plaintiff's injuries, although permanent, were minimal or would not be a hindrance or impediment to the injured party in the performance of work for which he was qualified to perform by education, training and expertise.